IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| ESTIBALY BENCOSME, individually and on behalf of all others similarly situated, | Civil Action No.: |
| Plaintiff, -against- | **CLASS ACTION COMPLAINT** |
| CAINE & WEINER, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

---

Plaintiff, ESTIBALY BENCOSME (hereinafter, "Plaintiff"), a New Jersey resident, brings this Class Action Complaint by and through the undersigned attorneys, Marcus & Zelman, LLC, against Defendant CAINE & WEINER (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

§§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a natural person and a resident of Perth Amboy, New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant is a collection agency with its principal office located at 21210 Erwin Street, Woodland Hills, California 91367.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

12. Some time prior to September 1, 2017, an obligation was allegedly incurred to WESTERN UNION ONLINE LTD IRELAND.

13. The WESTERN UNION ONLINE LTD IRELAND obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

14. The alleged WESTERN UNION ONLINE LTD IRELAND obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

15. WESTERN UNION ONLINE LTD IRELAND is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

16. WESTERN UNION ONLINE LTD IRELAND or subsequent owner of the WESTERN UNION ONLINE LTD IRELAND debt contracted the Defendant to collect the alleged debt.

17. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes

on behalf of creditors.

18. On or about September 1, 2017, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to WESTERN UNION ONLINE LTD IRELAND. *See* **Exhibit A.**

19. Upon information and belief, the Letter was the first communication from Southwest to the Plaintiff with regards to the alleged debt.

20. Plaintiff received the letter and read it.

21. The Letter provided the following 30-day Validation Notice:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof this office will assume this debt is valid.  <u>If</u> you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. <u>If</u> you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> *To speak with us directly, contact us at (818) 251-9361.*
>
> Sincerely,
> Clay Small
> *(818) 251-9361*
>
> *See, Exhibit A* (emphasis added).

22. The use of the word "if" in the Defendant's Validation Notice may confuse the least sophisticated consumer as to whether a written response was required in order to have a legally effective dispute, and implies that such a written response is not, in fact, required.

23. Furthermore, immediately following the validation notice, the Defendant then instructs the consumer to reach out to the defendant by contacting them by phone.

24. The Plaintiff, as would any least sophisticated consumer, was left to believe that a legally

effective dispute may be made by calling the defendant directly.

25. The September 1, 2017 letter is misleading because the instructions can be read to have two or more meanings, which one is inaccurate.

26. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Wilson,* 225 F.3d at 354, citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

27. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

28. The rights afforded to consumers under Section 1692g(a) are amongst the most powerful protections provided by the FDCPA.

29. Once a consumer makes a timely, written notice of dispute to the debt collector, the debt collector is required by law to cease collection of the account until verification of the debt is obtained, a right not afforded under other sections of the FDCPA.

30. However, in order for such a dispute to be effective, the dispute must be in writing. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991); *Caprio v. Healthcare Revenue Recovery Group*, 709 F.3d 142 (3d Cir. March 1, 2013).

31. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed. The FDCPA gives consumers a statutory right to receive certain information, including information as to how to effectively dispute the debt, which the Plaintiff was deprived of in this case.

32. Defendants' violations of the FDCPA further created the risk of real harm that the Plaintiff

would be misled into attempting to dispute his alleged debt by phone, which would not be legally effective.

33. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## CLASS ALLEGATIONS

34. Plaintiffs bring this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

35. The Class consists of (a) all individuals with addresses in the State of New Jersey (b) to whom Defendant (c) sent an initial collection letter attempting to collect a consumer debt owed to Western Union Online LTD Ireland (d) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action, (e) which implied that a dispute made via a telephone call would be legally effective.

36. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

37. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

38. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as

***Exhibit A,*** violate 15 U.S.C. §§ 1692e and 1692g.

39. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

40. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

41. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e and 1692g.

   (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class

members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

42. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated

various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

46. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. Defendant violated said section by:

- Making a false and misleading representation in violation of §1692e(10).

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

50. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

51. Pursuant to 15 USC §1692g, a debt collector:

   (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
   (1) The amount of the debt;
   (2) The name of the creditor to whom the debt is owed;
   (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
   (4) A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
   (5) A statement that, upon the consumer's written request within the thirty-day

period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

52. The Defendant violated 1692g by failing to clearly and effectively convey to the Plaintiff that any disputes must be in writing, instead implying that such disputes may be made verbally as well.

53. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692*g et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

54. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq., and Yitzchak Zelman, Esq. as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 18, 2018         */s/ Yitzchak Zelman*

Yitzchak Zelman, Esq.
Ari H. Marcus, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
yzelman@marcuszelman.com
*Attorneys for Plaintiff*