**CLOSING**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>**UNITED STATES DISTRICT JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST. ROOM 4066**<br>**NEWARK, NJ 07101**<br>**973-297-4903** |

March 6, 2019

VIA ECF

**LETTER ORDER**

    Re:    **Bencosme v. Caine & Weiner**
             **Civil Action No. 18-07990**

Dear Litigants:

    Before the Court is Defendant Caine & Weiner's ("C&W" or "Defendant") Motion to Dismiss, ECF No. 7, Plaintiff Estibaly Bencosme's ("Plaintiff") Complaint, ECF No. 1. For the reasons explained below, the Motion is **GRANTED.**

    **I.**    **Background**

    This matter arises from a collection letter (the "letter") sent by C&W to Plaintiff regarding an alleged debt owed to a third party. See Compl. ¶ 18. The letter contained the following 30-day validation notice:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> To speak with us directly, contact us at (818) 251-9361.

Id. ¶ 21. Plaintiff alleges that the letter violates two sections of the Fair Debt Collection Practices Act ("FDCPA")—15 U.S.C. §§ 1692e and 1692g—because it fails to properly inform the least sophisticated consumer "as to whether a written response was required in order to have a legally effective dispute, and implies that such a written response is not, in fact, required." Id. ¶ 22.

1

Defendant now moves to dismiss both of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). ECF No. 8. Plaintiff opposes Defendant's motion. ECF No. 10.

## II. Legal Standard

In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. The facts alleged, however, must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## III. Analysis

Defendant argues that its letter does not violate Section 1692e or Section 1692g of the FDCPA. The court agrees.

### A. The FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692e; see also Marx v. Gen. Revenue Corp., 568 U.S. 371, 374 n.1 (2013). The FDCPA creates a private right of action for plaintiffs to bring suits against debt collectors who violate the FDCPA's provisions. See 15 U.S.C. § 1692k. In connection with the present case, the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Furthermore, the FDCPA requires debt collectors to provide the consumer with a written notice containing certain information regarding the debt allegedly owed within five days of initial communication. See 15 U.S.C. § 1692g(a).

To state a claim under the FDCPA, a plaintiff must establish that "(1) he or she is a consumer who is harmed by violation of the FDCPA; (2) the debt arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a debt collector; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." Riccio v. Credit Collection Services, 17-8889 (FLW) (LHG), 2019 WL 979159, at *3 (D.N.J. Feb. 28, 2019) ("Riccio I") (internal quotation marks omitted). "[L]ender-debtor communications potentially giving rise to claims under the FDCPA . . . should be analyzed from the perspective of the least sophisticated debtor." Brown v. Card Service Ctr., 464 F.3d 450, 454 (3d Cir. 2006). "Although the 'least sophisticated debtor' standard is a low standard," the debtor is presumed to have "a basic level of understanding and willingness to read with care." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008); see Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 299 (3d Cir. 2008) ("[T]he least sophisticated debtor is bound to read collection notices in their entirety.").

### B. Section 1692g

Plaintiff alleges that C&W violated Section 1692g by "failing to clearly and effectively convey that any disputes must be made in writing." Compl. ¶ 52. Defendant contends, however, that the letter was clear and effective. The Court agrees.

Section 1692g outlines the required written disclosures that a debt collector must provide to a debtor, including a "validation notice," which explains a debtor's rights. 15 U.S.C. § 1692g; see also Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 148 (3d Cir. 2013). To comply with Section 1692g, a validation notice must effectively convey the FDCPA's requirement that debts be disputed in writing (the "writing requirement"). See Magana v. Amcol Systems, Inc., 17-11541 (RBK/AMD), 2018 WL 2723828, at *2 (D.N.J. June 6, 2018); see also Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000) ("[M]ore is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor."). "To determine whether notice has been effectively conveyed and whether the writing requirement is clear, or if it has been overshadowed or contradicted, the Court must evaluate the notice from the perspective of the least sophisticated debtor." Magana, 2018 WL 2723828 (internal quotation marks omitted). As the Third Circuit has explained, a validation notice is ineffective if it can "be reasonably read to have two or more different meanings, one of which is inaccurate." Caprio, 709 F.3d at 149 (internal quotation marks omitted).

Here, Plaintiff argues that the collection letter violates Section 1962g because: (1) the validation notice's language does not effectively convey the writing requirement; and (2) the inclusion of Defendant's telephone number overshadows and contradicts the validation notice. The Court finds neither argument persuasive. First, the Third Circuit has found nearly identical "permissive" language to effectively convey the writing requirement. See Caprio, 709 F.3d at 149. In Caprio v. Healthcare Revenue Recovery Group, LLC, the plaintiff challenged a double-sided collection letter as violative of Sections 1692g and 1692e. 709 F.3d 142 (3d Cir. 2013). The back side of the collection letter contained nearly the same validation notice as the one C&W sent to Plaintiff. See id. at 146 ("If you request this office in writing within 30 days after receiving this notice . . . ."). Although the Third Circuit ultimately found the collection letter deceptive because the "substance" and "form" of the letter overshadowed and contradicted the language of the validation notice, the Third Circuit explicitly stated that the validation notice itself was not violative of the FDCPA when viewed in isolation. Id. at 149; see also Magana, 2018 WL 2723828, at *3–4 (finding language in a validation notice nearly identical to C&W's to effectively convey the writing requirement for disputing a debt); Reizner v. Nat'l Recoveries, Inc., 17-2572, 2018 WL 2045992, at *9 (D.N.J. May 2, 2018) (same); Riccio v. Sentry Credit, Inc., 17-1773 (BRM) (TJB), 2018 WL 638748, at *4 (D.N.J. Jan. 31, 2018) ("Riccio II") (same). Accordingly, the Court declines to find that the "permissive" language of the validation notice would confuse the least sophisticated debtor.

Second, the inclusion of a telephone number, without more, does not overshadow a validation notice's writing requirement. C&W's letter contained a single sentence welcoming the debtor to contact the debt collector: "[t]o speak with us directly, contact us at (818) 251-9361." Compl. ¶ 21. The overwhelming authority in this District has found that invitations to call do not overshadow the writing requirement where, as here, "the sentence referencing the toll-free phone

3

number has no mention of disputing the debt." Borozan v. Fin. Recovery Servs., Inc., 17-11542 (FLW), 2018 WL 3085217, at *6 (D.N.J. June 22, 2018) (upholding the following language: "You owe $346.43. Please feel free to call us at the toll free number listed below or use our online consumer help desk."); see, e.g., Riccio I, 2019 WL 979159, at *5 (upholding the following language, "If you have any questions, concerns, or would simply like personal assistance, our Customer Service Agents are available during the hours listed above."); Ferrulli v. BCA Fin. Servs., Inc., 17-13177, 2018 WL 4693968, at *3 (D.N.J. Sept. 28, 2018) (finding that the following language did not supersede or swallow the writing requirement: "If you have any questions regarding this debt you may speak to an account representative by calling our office."); Magana, 2018 WL 2723828, at *4 ("One must stretch their imagination past their point of discomfort, and past the point of the least sophisticated debtor, to read the phrase 'please contact' for 'questions' as being equivalent to an invitation to call to dispute, quarrel, or argue over the validity of a claim."); Reizner, 2018 WL 2045992, at *9 (upholding the following phrase because it did not "expressly state that Plaintiff should call to contest the debt": "[f]or further information, please write or call us at the address or number contained in this notice"). As such, the Court sees no reason to find that C&W's invitation to call overshadowed or contradicted the writing requirement.

Nor is there anything else about the collection letter—with respect to form or substance—that overshadows or contradicts the information in the validation notice. See Riccio I, 2019 WL 979159, at *6 (finding no overshadowing of the validation notice where the phone number was not bolded, the font was large and easy to read, and the letter did not emphasize any portion of the document in a manner that could lead to confusion for the least sophisticated consumer). Accordingly, Plaintiff fails to state a claim under Section 1692g.

### C. Section 1692e

Plaintiff also fails to state claim under Section 1692e. Section 1692e prohibits the use of any "false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e. However, [w]hen allegations under [§ 1692e] are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive." Caprio, 709 F.3d at 155 (internal quotation marks omitted). Because Plaintiff has failed to make any alternative arguments with respect to his Section 1692e claim, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

### IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 7, is **GRANTED**. Plaintiff's Complaint is therefore dismissed.

**SO ORDERED.**

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**